**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:09CR151** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **PRELIMINARY ORDER** |
| **RONALD L. TAMEZ,** | ) | **OF FORFEITURE** |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 26).  The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1.  The Defendant has entered into a Plea Agreement, whereby he has agreed to plead guilty to Counts I and II of said Indictment.  Count I of said Indictment charges the Defendant with  embezzling mail matter, in violation of 18 U.S.C. §1709.  Count II of said Indictment charges the Defendant with using the Littleton Coin Company coins; 1901 $10 Liberty Head gold coin; three Morgan Silver Dollars; 2006-P Sacagawea Dollar; two rolls of 2007 Sacagawea Dollars; ten Walking Liberty half-dollars; 1889-O Morgan Silver Dollar valued at $147.55; four Silver Eagle Dollars; silver coins and silver bar valued at $67.24; 1821-1947 Mexican Gold 50 Pesos; Indian Head pennies; Bust Half-Dollars; New Mexico state quarters; $10 Westward Ho Casino gaming token; $10 Circus Cirucs Casino gaming token; six Morgan Silver Dollars on the basis they were derived from proceeds traceable to the mail theft.

2.  By virtue of said plea of guilty, the Defendant forfeits his interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

IT IS ORDERED:

A.  The United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 26) is hereby sustained.

B.  Based upon Count II of the Indictment and the Defendant's plea of guilty, the United States is hereby authorized to seize the Littleton Coin Company coins; 1901 $10 Liberty Head gold coin; three Morgan Silver Dollars; 2006-P Sacagawea Dollar; two rolls of 2007 Sacagawea Dollars; ten Walking Liberty half-dollars; 1889-O Morgan Silver Dollar valued at $147.55; four Silver Eagle Dollars; silver coins and silver bar valued at $67.24; 1821-1947 Mexican Gold 50 Pesos; Indian Head pennies; Bust Half-Dollars; New Mexico state quarters; $10 Westward Ho Casino gaming token; $10 Circus Circus Casino gaming token; six Morgan Silver Dollars.

C.  The Defendant's interest in said properties is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

D. The aforementioned forfeited properties is to be held by the United States in its secure custody and control.

E.  Pursuant to 21 U.S.C. § 853(n)(1), the United States forthwith shall publish for at least thirty consecutive days on an official Government internet site (www.forfeiture.gov) notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

G.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED this 5th day of November, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

3